# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 7** |
| **JAY WILLIAM HOLTAPP,** ) | **Bankruptcy No. 11-00342** |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| **ROLLING HILLS BANK & TRUST,** ) | |
| ) | |
| Plaintiff, ) | **Adversary No. 11-9037** |
| ) | |
| v. ) | |
| ) | |
| **JAY WILLIAM HOLTAPP,** ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION TO AMEND COMPLAINT

This matter came before the Court for hearing on Plaintiff Rolling Hills Bank & Trust's Motion to Amend Complaint. Attorney Nathan Watson appeared for Plaintiff Rolling Hills Bank & Trust. Attorney Nicole Hughes appeared for Debtor/Defendant Jay William Holtapp. The Court took this matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

On February 4, 2010, Plaintiff Rolling Hills Bank & Trust ("Rolling Hills") filed suit against Defendant Jay William Holtapp in state court alleging breach of

1

contract on seven promissory notes. After filing, but prior to trial, Debtor filed a petition for Chapter 7 bankruptcy relief, staying the state court action.

Rolling Hills filed an adversary complaint on June 3, 2011, requesting the Court determine the dischargeability of Debtor's obligation on the seven promissory notes under 11 U.S.C. § 523(a)(2) and (6) and objecting to discharge under 11 U.S.C. § 727(a). Debtor filed a summary judgment motion on September 15, 2011. Shortly thereafter, Rolling Hills filed a Motion to Amend Complaint.

Rolling Hills seeks to amend the Complaint to clarify that Debtor is liable under an agency theory of recovery. At hearing, it argued that technically Debtor's liability was sufficiently alleged in the original complaint, since principals are liable for the actions of their agents. In the alternative, Rolling Hills argues that should the Court determine that the agency theory of recovery is a new allegation, it stems from the same transaction or occurrence, and the allegations were already known to Debtor, so there is no element of surprise harmful to Debtor.

Debtor argues the amendment would cause undue delay by further postponing his fresh start. He also argues that since the bankruptcy was filed so close to the trial date in the state court action, Rolling Hills had sufficient knowledge of the alleged agency relationship prior to filing this adversary. Debtor further argues that Rolling Hills is changing their entire theory of recovery, resulting in the need for further discovery and the creation of prejudice.

**CONCLUSIONS OF LAW AND DISCUSSION**

Rolling Hills argued at hearing that technically, its Original Complaint properly pled Debtor's liability because by law, a principal is liable for the acts of its agent. The Court disagrees. "[W]here allegations of fraud are based on a claim of agency, the pleading of the alleged agency relationship must itself meet the requirements of Rule 9(b)." In re Lois/USA, Inc., 283 B.R. 382, 387 (Bankr. S.D.N.Y. 2002). Therefore, an amendment is in fact necessary to adequately plead Plaintiff's theory of agency liability.

Amendments to pleadings are governed by Federal Rule of Bankruptcy Procedure 7015, which incorporates Federal Rule of Civil Procedures 15(a). Fed. R. Bankr. P. 7015. "A party may amend its pleading [with] the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[P]laintiffs do not have an absolute or automatic right to amend." U.S. ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). The burden is on the party opposing the amendment to show prejudice. Fed. R. Civ. P. 15(a).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as **undue delay, bad faith or dilatory motive** on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, **undue prejudice** to the opposing party by virtue of allowance of the amendment, **futility of amendment**, etc.—the leave sought should, as the rules require, be "freely given."

3

Foman v. Davis, 371 U.S. 178, 181–82 (1962) (emphasis added). The Court will address in turn each of these relevant factors: undue delay, bad faith or dilatory motive, undue prejudice, and futility of amendment.

1. Undue Delay

Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend. See Fed. R. Civ. P 15(a). "Delay alone is insufficient justification; prejudice to the nonmovant must also be shown." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). If an amendment comes late into the proceedings and would require the opponent to engage in significant new preparation, it may be prejudicial. Mo. Housing Dev. Com'n v. Brice, 919 F.2d 1306, 1316 (8th Cir. 1990). Courts consider not only the amount of time that has passed since the original complaint was filed, but also how close the parties are to trial. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218 (8th Cir. 1994) (denying amendment where plaintiff sought to amend her complaint 14 months after the original complaint was filed and less than 3 weeks before the trial date); Hoellering v. Nordyne, Inc., 202 F.R.D. 259, 261 (W.D. Mo. 2001) (allowing amendment filed four months after deadline set out in scheduling order where it would not disrupt the trial date).

In the case at hand, there is currently no trial date set. The original Complaint was filed on June 3, 2011, and the Motion to Amend was filed on

4

October 21, 2011, approximately 4 months later.  Although the amendment may result in additional discovery, it cannot be said that the proposed amendment is so late in the process to preclude an amendment to the Complaint based on delay.  See Hoellering, 202 F.R.D. at 261; Williams, 21 F.3d at 224.  Further, delay alone is insufficient and Debtor has not alleged any prejudice, other than delay of his fresh start.  The Court finds that any delay in Debtor's fresh start is not sufficiently prejudicial to justify denial of the amendment.

2. Bad Faith

"Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage."  GSS Prop., Inc. v. Kendale Shopping Ctr., Inc., 119 F.R.D. 379, 381 (M.D.N.C. 1988).

> [A]wareness of facts and failure to include them in the complaint might give rise to the inference that the plaintiff was engaging in tactical maneuvers to force the court to consider various theories seriatim.  In such a case, where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate.

Dussouy v. Gulf Coast Inv. Corp., 60 F.2d 594, 955 (5th Cir. 1981).

Although Debtor did not explicitly plead bad faith, he argues that Rolling Hills knew or should have known the allegations to include in its Complaint based on the state court action.  This argument will be reviewed as an allegation of bad faith.  This Court declines to guess what Rolling Hills had prepared for trial prior

5

to Debtor filing bankruptcy. Rolling Hills asserts that it seeks to amend the Complaint to clarify the allegations based on evidence adduced through discovery. It is unlikely that Rolling Hills was sitting on its hands waiting to see if its first theory of recovery failed and is now seeking recovery under agency theories of liability as a strategic move. See Oldfield v. Alston, 77 F.R.D. 735, 739 (N.D. Ga. 1978) (granting leave to amend upon finding lack of bad faith when plaintiff sought to clarify original complaint). Further, Debtor has provided no evidence to support such a conclusion.

   3. Undue Prejudice

In further support of its motion, Rolling Hills argues, in the alternative, that even if the Court decides that it is adding a new theory of recovery, not clarifying its original complaint, the Court should still allow the amendment because the agency allegations stem from the same transaction or occurrence. "A change in the theory of recovery may obviously sometimes cause substantial prejudice to a defendant, justifying denial of a motion to amend to assert that theory." Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987). "But the fact that an amendment changes the plaintiff's theory of the case will not suffice as a reason for denial absent a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion." Id. (finding information held by the defendant, discovered only after deposing as a basis for amendment, would not

6

result in prejudicial surprise to defendant).  A new allegation must be reasonably related to the pleaded allegations so that the defendant is placed on notice that the plaintiff was pursuing that claim.  Hammer v. City of Osage Beach, Mo., 318 F.3d 832, 844 (8th Cir. 2003) (second motion to amend, filed 15 months after complaint was filed, was denied, as the additionally claims were not "reasonably related" to those in the original complaint).

Rolling Hills' agency theory of recovery stems from the same series of occurrences alleged in the Complaint.  Therefore, even if Rolling Hills is asserting a new claim, it cannot be said that the new theory of recovery would result in unfair prejudice to Debtor.  See Hammer, 318 F.3d at 832.  Further, as discussed above, there is no "prejudice, bad faith, futility, or dilatoriness associated with the motion."  Ward Electronics, 819 F.2d at 497.

   4. Futility of Amendment

During hearing, Debtor briefly argued that Plaintiff's amended complaint did not adequately plead an agency relationship.  The Court assumes Debtor was attempting to present a futility argument.  "Futility is a valid basis for denying leave to amend." Fairview Health Sys., 413 F.3d at 749.  However, passing reference to an issue does not place the argument properly before the court.  In re HighSide Pork L.L.C., 450 B.R. 173, 181 (Bankr. N.D. Iowa 2011) (disregarding passing reference to issue raised for the first time during telephonic hearing).

7

Debtor did not argue that Plaintiff's amendment was futile in his resistance and only mentioned the argument in passing during the telephonic hearing. Therefore, this argument is not properly before the Court.

Even if Defendant had properly pled that Plaintiff's amendment was futile, this Court finds that Plaintiff's amended complaint adequately pleads an agency relationship. An agency relationship exists where there is "(1) a manifestation of consent by one person that another shall act on the former's behalf and subject to the former's control and (2) the consent of the latter to so act." Benson v. Webster, 593 N.W.2d 126, 130 (Iowa 1999) (quoting Mermigis v. Servicemaster Indus., Inc., 437 N.W.2d 242, 246 (Iowa 1989)). "A complaint relying on agency must plead facts which, if proved, could establish the existence of an agency relationship." Williams v. Ford Motor Co., 990 F. Supp. 551, 554 (N.D. Ill. 1997). The Court finds that based on the Amended Complaint, and the Exhibits attached to the Original Complaint, Plaintiff has adequately pled an agency cause of action at this stage in the proceedings.

## CONCLUSION

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. Foman, 371 U.S. at 182.

> It is . . . entirely contrary to the spirit of the Federal Rules of Civil
> Procedure for decisions on the merits to be avoided on the basis of

such mere technicalities.  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Id. at 181–82 (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)).  In its Amended Complaint, Rolling Hills includes allegations that Feedlot acted on behalf of Debtor, as his agent, in Counts III–VI.  Any potential for prejudice to Debtor is outweighed by the prejudice to Rolling Hills by not allowing the amendment.  See Bell, 160 F.3d at 454.  Granting Plaintiff's Motion to Amend Complaint renders Debtor's Motion for Summary Judgment moot.  See Anson v. H.E.L.P. Found. of Omaha, Inc., 8:07CV322, 2008 WL 510140 (D. Neb. Feb. 22, 2008).

**WHEREFORE,** Rolling Hills Bank & Trust's Motion for Leave to File Amended Complaint (ECF Doc. No. 22) is **GRANTED**.  Rolling Hills Bank and Trust shall file its amended complaint (and any necessary attachments) within seven (7) days of the date of this Order.

**FURTHER**, the filing of the Plaintiff's Amended Complaint renders Debtor/Defendant's Motion for Summary Judgment **MOOT**.  To the extent Debtor believes that there remains no genuine issue of material fact after the Amended Complaint is filed, he may re-file his Motion for Summary Judgment.

Dated and entered: March 30, 2012

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

9